## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MELISSA TISHKO, | : | NO. 1:25-CV-00326 |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | (CAMONI, M.J.) |
| FRANK BISIGNANO, | : | |
| *Commissioner of Social Security,* | : | |
| Defendant. | : | |

## MEMORANDUM OPINION

This is an action brought under 42 U.S.C. § 1383(c)(3), seeking judicial review of the final decision of the Commissioner of Social Security denying Plaintiff Melissa Tishko's claim for disability and disability insurance benefits under Title II of the Social Security Act. The Court has jurisdiction to review this matter pursuant to 42 U.S.C. § 1383(c)(3) (incorporating 42 U.S.C. § 405(g) by reference). For the reasons stated herein, the Court will vacate the decision of the Commissioner and remand to the Commissioner for further proceedings.

## I.    BACKGROUND

### A.    Procedural History

On September 6, 2022, Tishko applied for disability benefits under Title II of the Social Security Act, alleging disability as of June 30, 2019.

Page 1 of 16

Transcript, doc. 9-2 at 15. Following an initial denial, Tishko submitted an appeal, requesting a hearing before an Administrative Law Judge (ALJ). *Id.* The ALJ conducted the hearing and determined that Tishko is not disabled. *Id.* at 39, 32.

Tishko filed a request for review of the ALJ's decision, which the Appeals Council denied. *Id.* at 2. The ALJ's decision, therefore, became the final decision of the Commissioner. 42 U.S.C. § 405(g). Pending before this Court is Tishko's action seeking judicial review of the Commissioner's decision. Complaint, doc. 1. This case is fully briefed (docs. 10, 12, 13) and ripe for resolution. The parties consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this case, pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, including entry of final judgment. Consent Form, doc. 7.

### B.    The Disability Determination Process

To receive disability benefits under the Social Security Act ("Act"), a claimant must be unable to "engage in any substantial gainful activity by reason of any medically determinable . . . impairment which can . . . result in death or which has lasted or can be expected to last for a

continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Under the Act, a claimant is disabled "only if his . . . impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." § 423(d)(2)(A). An impairment is one that "results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." § 423(d)(3).

Social Security regulations provide a "five-step sequential evaluation process" to determine if a claimant is disabled. 20 C.F.R. § 404.1520(a)(4). The claimant bears the burden of persuasion through step four, while at step five, the burden shifts to the Secretary to show that the claimant can perform substantial gainful employment other than the claimant's past relevant work. *Williams v. Sullivan*, 970 F.2d 1178, 1181 (3d Cir. 1992), citing *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987)).

At the first step, the claimant must establish that he has not engaged in substantial gainful activity since the onset of the alleged

disability. *See* § 404.1520(a)(4)(i). At the second step, claimant must establish that he suffers from a "severe medically determinable . . . impairment that meets the duration requirement . . . ("impairment . . . must have lasted or must be expected to last for a continuous period of at least 12 months")." § 404.1520(a)(4)(ii). At the third step, the claimant must provide evidence that his impairment "meets or equals one of our listings in appendix 1." § 404.1520(a)(4)(iii). If the claimant demonstrates his impairments meet those listings, he is considered to be disabled. *See id.*; § 404.1520(d). If he cannot establish severity of impairment at the third step, the eligibility analysis proceeds to step four in which the ALJ determines whether the claimant's residual functional capacity (RFC) allows the claimant to continue his previous employment. § 404.1520(a)(4)(iv). RFC "is the most [a claimant] can still do despite" impairments. § 404.1545(a)(1). To prevail on step four, claimant's "impairment(s) must prevent [him] from doing . . . past relevant work." § 404.1520(f). At the fifth step, the Commissioner bears the burden to demonstrate that the claimant's RFC and his "age, education, and work experience . . . [allows] adjustment to other work." § 404.1520(a)(4)(v). If

the Commissioner cannot satisfy this burden, the claimant's claim is granted. *See* § 404.1520(g).

### C.    The ALJ's Decision

Here, the ALJ determined that Tishko "was not under a disability, as defined in the Social Security Act, at any time from June 30, 2019, the alleged onset date, through March 31, 2024, the date last insured." Doc. 9-2 at 32.  The ALJ reached this conclusion after proceeding through the five-step sequential analysis required by the Social Security Act. § 404.1520(a)(4)(i)–(v); *see* doc. 9-2 at 17-32.

At step one, the ALJ determined that Tishko "did not engage in substantial gainful activity during the period from her alleged onset date of June 30, 2019 through her date last insured of March 31, 2024." Doc. 9-2 at 17. At step two, the ALJ found that Tishko has the following severe impairments: degenerative disc disease of the lumbar spine, degenerative disc disease of the cervical spine, obesity, osteoarthritis of the left knee, myofascial pain syndrome (cervical spine), chronic pain syndrome, neurocognitive disorder, anxiety disorder, and depressive disorder. *Id*. At step three, the ALJ determined that Tishko "did not have an impairment or combination of impairments that met or medically

equaled the severity of one of the listed impairments" in 20 C.F.R. part 404, subpart P, appendix 1. *Id.* at 18.

Between steps three and four, the ALJ found that Tishko has the following RFC:

> [T]o perform light work as defined in 20 CFR 404.1567(b). She could lift and/or carry twenty pounds occasionally and ten pounds frequently. She could sit, stand, or walk for six hours each per eight-hour day. She was limited to occasional posturals except no crawling and no ladders, ropes, or scaffolds. She could have had no concentrated exposure to extreme cold, vibration, unprotected heights, and moving machinery parts. She was limited to a SCO noise level no greater than three. She could have performed simple, repetitive, routine tasks. She could not work at production rate pace. She was limited to a low stress job defined as few workplace changes.

*Id.* at 23.

At step four, the ALJ determined that Tishko was unable to perform any past relevant work. *Id.* at 30. At the fifth and final step, the ALJ denied Tishko's disability claims because, after considering her "age, education, work experience, and [RFC], there were jobs that existed in significant numbers in the national economy that the claimant could have performed." *Id.* at 31.

### D.   Issues on Appeal

Tishko raises two issues on appeal: (1) The ALJ erroneously applied the 'borderline age rule,' and (2) the ALJ did not adequately account for her moderate limitations in concentration, persistence, and pace in his RFC determination. Pl.'s Br., doc. 10 at 5.

## II.   LEGAL STANDARD

In reviewing the Commissioner's final decision denying a claimant's application for benefits, the Court is limited to determining whether the findings of the final decision-maker are supported by substantial evidence in the record. *See* 42 U.S.C. § 1383(c)(3) (incorporating 42 U.S.C. § 405(g) by reference); *Johnson v. Comm'r of Soc. Sec.*, 529 F.3d 198, 200 (3d Cir. 2008); *Ficca v. Astrue*, 901 F. Supp. 2d 533, 536 (M.D. Pa. 2012). Under the substantial-evidence standard, a court examines an existing administrative record and asks whether it contains sufficient evidence to support the agency's factual determinations. *Biestek v. Berryhill*, 587 U.S. 97, 102 (2019). Substantial evidence does not mean a large or considerable amount of evidence, but rather "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* at 103; *see also Pierce v. Underwood*, 487 U.S. 552, 565

(1988). Substantial evidence is less than a preponderance of the evidence but more than a mere scintilla. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). A single piece of evidence is not substantial evidence if the ALJ ignores countervailing evidence or fails to resolve a conflict created by the evidence. *Mason v. Shalala*, 994 F.2d 1058, 1064 (3d Cir. 1993). In an adequately developed factual record, however, substantial evidence may be "something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent [the ALJ's decision] from being supported by substantial evidence." *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966). "In determining if the Commissioner's decision is supported by substantial evidence the court must scrutinize the record as a whole." *Leslie v. Barnhart*, 304 F. Supp. 2d 623, 627 (M.D. Pa. 2003). In reviewing the record for substantial evidence, "[n]either the district court nor [the Third Circuit] is empowered to weigh the evidence or substitute its conclusions for those of the fact-finder." *Williams*, 970 F.2d at 1182. To reverse the ALJ's findings and decision, the Court "must find that the evidence not only supports [a contrary] conclusion but compels it." *Immigr. & Naturalization Serv. v. Elias-Zacarias*, 502 U.S. 478, 481 n.1 (1992).

The question before the Court, therefore, is not whether Tishko is disabled, but whether the Commissioner's finding that Tishko is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law. *See Arnold v. Colvin*, No. 12-2417, 2014 WL 940205, at \*1 (M.D. Pa. Mar. 11, 2014) ("[I]t has been held that an ALJ's errors of law denote a lack of substantial evidence."); *Burton v. Schweiker*, 512 F. Supp. 913, 914 (W.D. Pa. 1981) ("The [Commissioner]'s determination as to the status of a claim requires the correct application of the law to the facts."); *see also Wright v. Sullivan*, 900 F.2d 675, 678 (3d Cir. 1990) (noting that the scope of review on legal matters is plenary); *Ficca*, 901 F. Supp. 2d at 536 ("[T]he court has plenary review of all legal issues decided by the Commissioner."). In determining that question, the Court must evaluate whether the ALJ's decision meets the burden of articulation necessary to enable judicial review; that is, the ALJ must articulate the reasons for his decision beyond stating bare conclusions. *Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 119 (3d Cir. 2000).

## III.  DISCUSSION

The Court will remand this case to the Commissioner because the ALJ failed to provide a valid explanation in his decision for why Tishko could perform simple tasks despite her moderate mental limitations, as required under Third Circuit precedent.[1]

Tishko argues that the ALJ erred because his RFC determination failed to capture the full breadth of her mental impairments. Doc. 10 at 13. The ALJ accepted the opinions of medical experts who found that Tishko had moderate limitations in concentration, persistence, and maintaining pace (doc. 9-2 at 28), but he also found that she had the RFC to perform "jobs that entail simple, repetitive, routine tasks, no work at production rate pace, and low stress (defined as few workplace changes)." *Id.* at 30. Tishko maintains that this RFC is inadequate because it does not account for all of her limitations, and the ALJ was required to address her inability to stay on task. Doc. 10 at 13-14. Tishko contends that

---

[1] The Court does not address Tishko's remaining argument because "remand may produce different results on these claims, making discussion of them moot." *Handwerk v. Kijakazi*, 692 F. Supp. 3d 458, 471 (M.D. Pa. 2023), quoting *Burns v. Colvin*, 156 F.Supp.3d 579, 598 (M.D. Pa. 2016).

because the ALJ failed to do this, his RFC was not supported by substantial evidence, and her case should be remanded. *Id.* at 12-13.

The Commissioner attempts to rebut Tishko's argument by simply parroting the ALJ's decision. Def.'s Br., doc. 12 at 21-22. He concludes that "the ALJ's RFC determination was reached after a comprehensive review of the record evidence. It is supported by substantial evidence and should be affirmed." *Id.* at 23.

The Court of Appeals for the Third Circuit has made clear, however, that the ALJ should have provided a valid explanation for why Tishko could still perform simple tasks in spite of moderate mental limitations. If an ALJ determines that a claimant has the RFC to perform "simple tasks," as the ALJ did here,[2] despite finding that they have moderate limitations in concentration, persistence, or pace, then an ALJ must also provide a "valid explanation" for why the claimant can still perform the work. *Hess v. Comm'r Soc. Sec.,* 931 F.3d 198, 211-212 (3d Cir. 2019); *Ramirez v. Barnhart*, 372 F.3d 546, 555 (3d Cir. 2004). This is because a

---

[2] "A limitation to 'simple tasks' is fundamentally the same as one 'to jobs requiring understanding, remembering, and carrying out only simple instructions and making only simple work-related decisions[.]'" *Hess*, 931 F.3d at 210.

"simple tasks" limitation, by itself, does not help a court ascertain "whether a claimant's difficulties . . . are so serious that [she] cannot satisfy the functional requirements of 'simple tasks'." *Hess,* 931 F.3d at 211-212. The ALJ is not required to recite any particular "incantations . . . at steps four and five" to address the limitations in concentration, persistence, and pace, and "a wide range of limitation language is permissible. . . so long as the chosen limitation language is explained." *Id.* at 209. A valid explanation involves "sound reasoning why [a claimant's] 'moderate' difficulties in 'concentration, persistence, or pace' were not so significant that [they were] incapable of performing 'simple tasks'." *Id.* at 213.

In *Hess v. Commissioner of Social Security*, the Court of Appeals clarified and applied the rule it set forth in *Ramirez v. Barnhart*, 372 F.3d 546, 555 (3d Cir. 2004), which found that an ALJ's RFC determination was not supported by substantial evidence because it did not account for the claimant's moderate mental limitations, and the ALJ did not provide a "valid explanation" for the omission. Applying the same reasoning in *Hess*, the Court that time determined that the ALJ did supply a valid explanation for finding that the claimant had the RFC to perform simple

tasks despite having moderate difficulties in concentration, persistence, or pace. In *Hess*, the ALJ relayed in a lengthy and "sound" opinion how the claimant's self-reported daily activities, coupled with progress notes from different medical sources, indicated that she could still perform simple tasks, even with moderate mental limitations. *Hess,* 931 F.3d at 214.

Applying this rule, and relying on *Hess*, the District Court in *Moeller v. Kijakazi*, a case with similar circumstances to those in the instant case, found that the ALJ did not articulate a valid explanation for concluding that the claimant could perform simple tasks despite her moderate limitations in concentration, persistence, and pace. *Moeller v. Kijakazi*, No. 20-571, 2021 WL 3207247, at *8 (M.D. Pa. July 29, 2021). Unlike the ALJ's detailed report in *Hess*, the court determined that the ALJ's decision in *Moeller* lacked examples of evidence that the claimant could perform simple tasks regardless of her mental limitations. *Id.* Further, the court noted that, in contrast to the ALJ's discussion of corroborating medical opinions in *Hess*, the *Moeller* ALJ's references to medical evidence did not sufficiently demonstrate that the claimant could perform simple tasks because some of the evidence the ALJ relied on was

incompatible with his findings. *Id.* Thus, the court ruled that the ALJ's explanation was invalid and unsupported by substantial evidence, and remanded the case. *Id.* at *9.

Here, as in *Ramirez* and *Moeller*, the ALJ found Tishko to have moderate mental limitations but provided no "valid explanation" for why he found that she could nonetheless perform simple tasks. The ALJ merely stated that, "to accommodate some degree of the claimant's symptoms related to her mental impairments, the undersigned has limited the claimant to jobs that entail simple, repetitive, routine tasks, no work at production rate pace, and low stress (defined as few workplace changes)." Doc. 9-2 at 30. As in *Moeller*, "The problem with the ALJ's decision here is not that he limited [Tishko] to 'simple tasks.' The issue is the absence of a valid explanation for limiting [Tishko] to such work after crediting [a medical expert's] opinion and finding that she had a moderate limitation in concentration, persistence, or pace." Moeller, 2021 WL 3207247, at *9.

And whereas in *Hess* the court found support for the ALJ's conclusion in the record, here, although this Court has combed the record, no such support could be found. Nowhere does the ALJ address whether

or to what degree Tishko could execute simple tasks despite having moderate concentration, persistence, and pace limitations, nor does he set forth any evidence demonstrating that she can, in fact, do so. Similar to the ALJ's findings in *Moeller*, the ALJ's mental limitation findings here were also inconsistent with some of the medical evidence the ALJ relied on.[3] As a result, the ALJ's decision does not enable the Court to discern either how the ALJ arrived at the conclusion that Tishko has a moderate limitation in concentration, persistence, and pace, or how he concluded that she can perform simple tasks despite these limitations. Thus, the ALJ's explanation does not satisfy the 'valid explanation' standard under *Hess*. Moreover, because the ALJ's rationale was not sufficiently articulated for this Court to conduct a meaningful judicial review, it was not supported by substantial evidence. *See Burnett,* 220

---

[3] The ALJ relied on State Agency medical consultants who indicated that Tishko has moderate limitations in concentration, persistence, and pace, but also noted, without explanation, that she could sufficiently concentrate, persist, and maintain pace to complete a simple task. Doc. 9-3 at 11-12, 23-24.  The ALJ apparently accepted the consultants' conclusions, but failed to reconcile the inconsistencies in the medical evidence, thus making it impossible for the Court to follow the reasoning in his decision.

F.3d at 120; *Moeller,* 2021 WL 3207247, at *9. Therefore, the Court will remand.

## IV.   CONCLUSION

Accordingly, the Commissioner's decision will be **VACATED**, and the case **REMANDED** to the Commissioner to fully develop the record, conduct a new administrative hearing, and appropriately evaluate the evidence pursuant to sentence four of 42 U.S.C. § 405(g).

An appropriate order follows.

Date: April 13, 2026                              s/*Sean A. Camoni*
                                                  Sean A. Camoni
                                                  United States Magistrate Judge